DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Tony Randall McKinney, appeals the order of the Medina County Court of Common Pleas, which denied appellant's motion for a transcript, motion to withdraw his guilty plea and delayed petition for post-conviction relief. This Court affirms.
 I. {¶ 2} Appellant was convicted of gross sexual imposition in violation of R.C. 2907.05 as against his adopted daughter. On March 16, 2000, appellant was indicted on one count of rape in violation of R.C. 2907.02(A) as against his six year old stepson. On April 6, 2000, appellant was again indicted on the charge of rape involving the incident with his stepson, with the addition of a violent sexual predator specification. Those charges were consolidated.
 {¶ 3} On February 14, 2001, appellant filed a motion to dismiss for lack of speedy trial. The trial court heard the matter on February 20, 2001, and issued its journal entry denying the motion two days later. The trial court found that appellant's speedy trial time began to run on March 23, 2000, upon the serving of the indictment and that appellant's filing of his motion to dismiss the specification and his motion to suppress served to toll time.
 {¶ 4} Also on February 20, 2001, appellant pled guilty to the charge of rape. The State dismissed the violent sexual predator specification. Appellant admits that the trial court sentenced him to a "jointly recommended" sentence of seven years, to be served concurrently with another sentence out of Stark County.
 {¶ 5} The trial court held a hearing on April 20, 2001 pursuant to R.C. Chapter 2950 for the adjudication of appellant's sexual offender status. The trial court adjudicated appellant as a sexual predator. Appellant appealed from that adjudication, but did not appeal his conviction or sentence. This Court affirmed appellant's sexual predator adjudication. State v. McKinney,
9th Dist. No. 3207-M, 2002-Ohio-86.
 {¶ 6} On March 24, 2006, appellant filed a motion for transcript of the February 20, 2001 proceeding at the State's expense in Crim.R. 32.1 action, a motion to withdraw guilty plea pursuant to Crim.R. 32.1, and a delayed petition for post-conviction relief pursuant to R.C. 2953.21(J) and2953.23(A)(1)(b) (2). The trial court denied all three motions without analysis. Appellant timely appeals, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED THE PERIL, TO THE PREJUDICE OF APPELLANT'S FIRST AMENDMENT RIGHT TO MEANINGFULLY ACCESS FOR REDRESS AND FOURTEENTH AMENDMENT RIGHT TO SUBSTANTIVE DUE PROCESS, OF ARBITRARILY DENYING WITHDRAWAL OF GUILTY PLEA 
TRANSCRIPT OF THE CONTESTED PROCEEDINGS."
 {¶ 7} Appellant argues that the trial court erred by denying both his motion for a transcript of the February 20, 2001 proceedings at the State's expense in support of his motion to withdraw his guilty plea, as well as his motion to withdraw his guilty plea. This Court disagrees.
 {¶ 8} This Court has clearly held that "[a] criminal defendant whose conviction is no longer subject to appellate review has no unqualified right to a transcript of proceedings at state [expense][.]" State v. McMinn (Dec. 8, 1982), 9th Dist. No. 1176. Accordingly, this Court finds that the trial court committed no error by denying appellant's motion for transcript.
 {¶ 9} Crim.R. 32.1, which governs motions to withdraw guilty pleas, states:
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea."
 {¶ 10} The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court.State v. Smith (1977), 49 Ohio St.2d 261, 264. The Smith
court held:
"A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.
An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} This Court has stated:
"Pursuant to Crim.R. 32.1, a motion to withdraw a plea of guilty that is made after sentencing must demonstrate a manifest injustice. The term `manifest injustice' has `been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.' The burden of establishing manifest injustice is on the movant. The movant must not only allege manifest injustice, but also support his allegation with specific facts contained in the record or in affidavits submitted with the motion. * * * `[a]lthough [Crim.R. 32.1] itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" (Internal citations omitted.) State v. Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, at ¶ 8.
 {¶ 12} Further, this Court has stated that:
"[a]n evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the `record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" State v. Buck, 9th Dist. No. 04CA008516,2005-Ohio-2810, at ¶ 14, quoting State v. Russ, 8th Dist. No. 81580, 2003-Ohio-1001, at ¶ 12.
 {¶ 13} Appellant alleged in his motion to withdraw his guilty plea that he was induced to plead guilty to the rape charge upon assertions by the court and counsel that he would maintain his right to appeal the trial court's denial of his motion to dismiss for lack of speedy trial. Appellant filed his motion more than five years after he entered his guilty plea. In support, appellant appended the trial court's February 22, 2001 journal entry. The journal entry, however, indicates that appellant stipulated to facts which supported the trial court's reasoning behind its finding that appellant's speedy trial rights had not been violated. Appellant also appended the February 22, 2001 journal entry regarding his change of plea. In that journal entry, the trial court found that appellant asserted his understanding of his Crim.R. 11 and constitutional rights and that appellant's guilty plea was entered knowingly, voluntarily and intelligently. Appellant failed to present any further evidence to support his bare assertions that he was somehow induced to plead guilty. Given that appellant was represented by counsel throughout the proceedings, that the trial court apprised him of his rights, and that appellant provided no evidence to show why a five-year delay in moving to withdraw his guilty plea was reasonable, this Court presumes the regularity and validity of the trial court's proceedings. Under the circumstances, this Court cannot say that the trial court abused its discretion by denying appellant's motion to withdraw his guilty plea. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMPOUNDED THE PREJUDICE APPELLANT SUFFERS IN EXECUTING AN INVALID SENTENCE BY ARBITRARILY DENYING APPLICATION OF UNITED STATES SUPREME COURT PRECEDENT TO HIS UNCONSTITUTIONAL CONFINEMENT."
 {¶ 14} Appellant argues that the trial court erred by denying his delayed petition for post-conviction relief and thereby finding that Blakely v. Washington (2004), 542 U.S. 296 is inapplicable to his sentence. This Court disagrees.
 {¶ 15} This Court reviews a trial court's denial of a petition for post-conviction relief for an abuse of discretion.State v. Stallings, 9th Dist. No. 21969, 2004-Ohio-4571, at ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore, 5 Ohio St.3d at 219.
 {¶ 16} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed not later than 180 days after the day the trial transcript is filed in a direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. A trial court is without jurisdiction to entertain a motion for post-conviction relief that is filed after the timeframe established in R.C. 2953.21(A)(2). R.C. 2953.23(A).
 {¶ 17} Appellant filed his petition five years after the expiration of the time to file an appeal. His petition, therefore, was clearly untimely. R.C. 2953.23(A) provides certain factors, that if present, would except a petition from the prescribed filing time. R.C. 2953.23(A) states that a trial court may not entertain an untimely petition unless division (A)(1) or (2) of the section apply. Appellant asserts that both provisions apply. This Court disagrees.
 {¶ 18} R.C. 2953.23(A)(1) provides:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 19} R.C. 2953.23(A)(2) provides:
"The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71
to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of an upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
 {¶ 20} Despite the fact that appellant captioned his petition as brought in part under R.C. 2953.23(A)(2), there are no allegations or other evidence to indicate that that provision is applicable. Rather, appellant argues that, under the grounds enunciated in Blakely, his sentence is contrary to law. Specifically, appellant asserts that Blakely constitutes "a new federal or state right that applies retroactively to persons in [his]situation." R.C. 2953.23(A)(1)(a). This Court addressed this identical issue in State v. Luther, 9th Dist. No. 05CA008771,2006-Ohio-2414, in which we stated:
"In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Court found that R.C. 2929.14(B), 2929.14(E)(4) and2929.19(B)(2), as well as other section of the Ohio Revised Code violated the Sixth Amendment, pursuant to Blakely, supra, andApprendi v. New Jersey (2000), 530 U.S. 466, to the extent that they required judicial factfinding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster
court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. the court then held that the cases before the court `and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent' with the court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding inUnited States v. Booker (2005), 543 U.S. 220, the Foster
Court only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ 106.
"As stated herein, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12. Although the trial court did not specify its reasons for denying appellant's petition, this Court finds that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. See R.C.2953.23(A). See, also, Christian Medicine v. Sobotka (Mar. 12, 1997), 9th Dist. No. 96CA006482." Luther at ¶¶ 11-12.
 {¶ 21} In this case too, appellant's case is before this Court on appeal from a denial of his petition for post-conviction relief, not from a direct appeal. Accordingly, for the reasons enunciated above, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. Further, although the trial court did not enunciate its reasons for its denial of the petition, this Court finds that the denial was proper because the court was not statutorily authorized to entertain the untimely petition. Appellant's second assignment of error is overruled.
 III. {¶ 22} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Moore, J. concur