DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ru Liu, appeals the judgment of the Summit County Court of Common Pleas, which denied his motion to withdraw his guilty plea. This Court affirms.
 I. {¶ 2} On October 18, 2001, Liu, a Chinese national, was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree; four counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree; one count of aggravated robbery in violation of R.C. 2911.01(A)(1)/(A)(3), a felony of the first degree; one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; and nine counts of kidnapping in violation of R.C. 2905.01(A)(2), felonies of the first degree. In addition, each of the seventeen counts carried a firearm specification in violation of *Page 2 
R.C. 2941.145. Liu appeared at arraignment with a Chinese interpreter and counsel and entered a plea of not guilty to the charges.
 {¶ 3} On January 18, 2002, Liu withdrew his not guilty plea and entered a plea of guilty to all seventeen counts as charged in the indictment and the seventeen firearm specifications as amended to be a definite period of one year. At the sentencing hearing on August 30, 2002, the trial court merged all seventeen of the firearm specifications and sentenced Liu to one year in prison for possession of a firearm. The trial court also sentenced Liu to five years on each of the seventeen counts, running five of those sentences consecutively and running the remaining twelve concurrently, for a total sentence of twenty-six years. The court further recommended Liu's deportation upon his release from prison. Liu did not appeal his conviction or sentence.
 {¶ 4} More than five years later on November 30, 2007, Liu filed a motion to withdraw his guilty plea. He appended his affidavit and transcripts of both the change of plea and sentencing hearings. The State requested and received an extension of time in which to respond due to the complexity of the issues. On December 28, 2007, the State filed its memorandum in opposition to Liu's motion to withdraw his guilty plea. Liu requested and received an extension of time until January 25, 2008, in which to file a reply to the State's memorandum in opposition. Liu, however, failed to file a reply. On February 6, 2008, the trial court issued a judgment entry in which it denied Liu's motion to withdraw his guilty plea. Liu timely appealed, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY DENYING MR. LIU'S MOTION TO WITHDRAW HIS GUILTY PLEAS IN VIOLATION OF R.C. 2943.031, CRIM.R. 11(C), CRIM.R. 32.1, THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES *Page 3 
CONSTITUTION, AND ARTICLE 36 OF THE VIENNA CONVENTION ON CONSULAR RELATIONS."
 {¶ 5} Setting forth several independent grounds for relief, Liu argues that the trial court erred by denying his motion to withdraw his guilty plea. This Court disagrees.
 {¶ 6} As a general matter, the decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. State v. Smith (1977), 49 Ohio St.2d 261, 264. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
Compliance with R.C. 2943.031 {¶ 7} Liu first argues that the trial court erred by failing to grant his motion to withdraw his guilty plea because the trial court failed to comply with the mandates of R.C. 2943.031. R.C. 2943.031(A) states:
 "Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 "`If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' *Page 4 
 "Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division."
 {¶ 8} R.C. 2943.031(D) states:
 "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section [October 2, 1989], the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 9} Liu relies on State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, for the proposition that the trial court's failure to give the R.C. 2943.031(A) warning verbatim requires the trial court to grant the defendant's motion to withdraw his guilty plea. The Ohio Supreme Court held:
 "A trial court accepting a guilty or no contest plea from a defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered `may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'" Francis at paragraph one of the syllabus.
The Francis court, however, rejected the requirement for strict compliance with the statutory language, adopting instead a substantial compliance requirement, as follows:
 "If some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." Id. at paragraph two of the syllabus.
The Francis court reasoned that "the R.C. 2943.031(A) notification is similar to the nonconstitutional notifications of Crim. R. 11(C)(2), such as the nature of the charges and the *Page 5 
maximum penalty involved, and, therefore, implicates the same [substantial compliance] standard." Id. at ¶ 45. The high court defined "substantial compliance" as "that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *** The test is whether the plea would have otherwise been made." Id. at ¶ 48, quoting State v. Nero
(1990), 56 Ohio St.3d 106, 108. The Francis court emphasized, however, that "[t]his specific determination" is merely one of many factors for the trial court to consider when ruling on a motion to withdraw a guilty plea pursuant to R.C. 2943.031. Id. at ¶ 48.
 {¶ 10} Although the Francis court expressly recognized the "the General Assembly's intent to free a noncitizen criminal defendant from the `manifest injustice' requirement of CrimR. 32.1 and to substitute R.C. 2943.031(D)'s standards in its place[,]" Francis at ¶ 26, it held that the trial court should consider "many factors" in its exercise of discretion when ruling on a defendant's motion to withdraw his guilty plea pursuant to R.C. 2943.031. Id. at ¶ 40. Specifically, the high court recognized the significance of timeliness of the motion as a critical factor. Id. at ¶ 40. The Francis court stated:
 "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." Id.
 {¶ 11} In this case, the trial court considered the more than five-year delay in Liu's filing his motion to withdraw his plea and found that it constituted an undue delay. In his affidavit appended to his motion to withdraw his guilty plea, Liu avers that he did not understand the nature of the charges, potential penalties, his legal rights, or the consequences of pleading guilty. *Page 6 
He avers that "having at last retained an attorney who employs paralegals who are native speakers of both the Fujianese and Mandarin dialects" he now understands such things. Liu fails to explain, however, why it took him more than five years to retain such an attorney and why he was precluded from retaining such an attorney earlier. In the absence of evidence by the defendant to show why a five-year delay was reasonable, this Court has found no abuse of discretion in the trial court's finding of undue delay and its denial of the motion to withdraw the plea. See State v. McKinney, 9th Dist. No. 06CA0031-M,2006-Ohio-5364, at ¶ 13. This case is analogous to McKinney in that Liu failed to present any evidence to show why his five-year delay was reasonable. Accordingly, the trial court did not abuse its discretion in finding undue delay in this case.
 {¶ 12} Furthermore, the trial court did not abuse its discretion in denying the motion upon a finding that the trial court substantially complied with apprising Liu of the warnings required pursuant to R.C. 2943.031(A). In State v. Pineda, 8th Dist. No. 86116, 2005-Ohio-6386, the appellate court affirmed the denial of a motion to withdraw a guilty plea where the trial court, as in this case, merely informed the defendant that he could be deported if he pled guilty and was convicted. In this case, the trial court informed Liu that he would be a felon if he pled guilty. Liu asserted his understanding. The trial court then informed him that he may be deported if he is a felon. Again, Liu asserted his understanding. Under the totality of the circumstances, the trial court did not abuse its discretion by finding that Liu subjectively understood the ramifications of entering a guilty plea. Accordingly, Liu's assertion of trial court error for failure to comply with R.C. 2943.031 is not well taken. *Page 7 
Voluntary nature of the plea {¶ 13} Second, Liu argues that the trial court erred by denying his motion to withdraw his guilty plea because his plea was not voluntarily made. He asserts that his plea was not voluntary because the court interpreter was not competent to adequately interpret and translate documents so that Liu understood the nature of the rights he was waiving and because counsel was deficient.
 {¶ 14} The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily." State v. Engle (1996),74 Ohio St.3d 525, 527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, then the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. Nero, 56 Ohio St.3d at 108. To ensure that a plea is made knowingly, voluntarily, and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim. R. 11(C)(2). State v. Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing Engle, 74 Ohio St.3d at 527. Crim. R. 11(C)(2) requires that a trial court determine from conversation with the defendant: 1) whether the defendant's plea was voluntary; 2) whether the defendant understood the effects of the guilty plea at the time he entered it; and 3) whether the defendant, at the time he entered his guilty plea, understood that by entering the plea he was waiving constitutional rights.
 {¶ 15} Liu repeatedly argues that the record is silent as to his understanding of the nature of the charges, the possible penalties and the nature of the constitutional rights he was waiving. *Page 8 
Without citation to any authority on point, Liu asserts that his simple "yes" or "no" responses to the trial court's inquiries are not sufficient to show that he understood the nature and effect of his guilty plea. The record, however, is replete with Liu's assertions of his understanding. This Court cannot imagine a clearer response which would indicate the knowing, voluntary and intelligent nature of his plea. In addition, this Court notes the trial court's efforts to ensure that Liu had the opportunity to understand the proceedings. As the assistant prosecutor began her recitation of the nature of the case and proceedings at the change of plea hearing, the trial court interrupted, stating, "Stop. [The interpreter] can't possibly go that fast."
 {¶ 16} In this case, a review of the record indicates that the trial court engaged in colloquy with Liu regarding the nature of the charges and the maximum potential sentences, including the prospect of consecutive sentences. In addition, the trial court explained the ramifications of pleading guilty to the gun specification, specifically saying, "Because a gun was used in the crime, you must serve one year in the state penitentiary in addition to the sentence I decide." Accordingly, the trial court informed Liu that he would not be eligible for merely probation.
 {¶ 17} The trial court further explained that, by entering a guilty plea, Liu would be waiving his rights to a jury trial, to require the State to prove his guilt beyond a reasonable doubt, to cross-examine witnesses, to call witnesses on his own behalf, to testify or refuse to testify, and to appeal. The trial court explained that Liu would be subject to a mandatory period of post-release control. In response, Liu asserted that he understood everything that the trial court explained and that he wished to plead guilty. In fact, based on a totality of the circumstances, the trial court's substantial compliance with Crim. R. 11 is evident. The record indicates, therefore, that Liu knowingly, voluntarily and intelligently waived his rights and entered his guilty plea. *Page 9 
 {¶ 18} The trial court determined that Liu's limited proficiency in the English language necessitated the appointment of an interpreter. Because of his limited proficiency, this Court must address Liu's assertions that the interpreter was incompetent. A videotape of the proceedings, as well as a record of the interpreter's qualifications elicited through an examination on the record, would facilitate this Court's review regarding the interpreter's alleged incompetence. The better practice would be for the trial court to examine the defendant to determine his particular interpretation needs to ensure his meaningful participation in the proceedings and to use certified foreign language interpreters to meet that need. See, generally, 2008 Proposed Amendments to the Rules of Superintendence for the Courts of Ohio, Sup. R. 80-88; Interpreters in the Judicial System: A Handbook for Ohio Judges, published February 2008 by the Supreme Court of Ohio, Judicial and Court Services Division, Interpreter Services Program. Although this Court is cognizant of the fact that due process necessitates that a non-English speaking defendant have a competent interpreter so he can meaningfully participate in the proceedings, there is nothing in the record here to indicate that Liu received an incompetent interpreter or that he was not able to participate in a meaningful way. Because there is no record of the interpreter's qualifications, and no videotape to determine what transpired between the interpreter and Liu, this Court has no basis for evaluating the interpreter's qualifications or competency, save for her performance as it appears on the record. The interpreter's performance, as demonstrated by the limited record, does not indicate any prejudicial effect on Liu.
 {¶ 19} The record indicates that an interpreter was involved in this case prior to the change of plea hearing. The interpreter was present at the change of plea hearing. After the trial court explained that he would be subject to post-release control, Liu asserted that he did not *Page 10 
understand the concept. The trial court explained what was involved in post-release control, asked Liu whether he then understood, and Liu asserted that he did. After the trial court concluded its colloquy with Liu, it asked him whether he had any questions. Liu responded, "No questions." and "I don't have any questions I don't know. Is there any questions I should ask?"
 {¶ 20} The record indicates that Liu responded to the trial court with affirmations, as well as questions for clarification. Defense counsel was present during the colloquy, yet made no record of any difficulties with the interpreter or her qualifications. In fact, there is nothing in the record to demonstrate that anything other than a meaningful discussion through the interpreter occurred.
 {¶ 21} Again, the Ohio Supreme Court has stated that an appellate court must look to the totality of the circumstances to determine whether a defendant entered his guilty plea in a voluntary, intelligent and knowing manner. Nero, 56 Ohio St.3d at 108. The Ohio Supreme Court has further held:
 "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella (1971), 27 Ohio St.2d 92, at syllabus.
 {¶ 22} This Court agrees that "[a] guilty plea is not voluntary if it is the result of ineffective assistance of counsel." State v.Banks, 9th Dist. No. 01CA007958, 2002-Ohio-4858, at ¶ 16. TheSixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. Id. *Page 11 
 {¶ 23} This Court uses a two-step process as set forth inStrickland v. Washington (1984), 466 U.S. 668, 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 24} This Court has stated:
 "When the Strickland test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient. State v. Xie (1992), 62 Ohio St.3d 521, 524; Strickland, 466 U.S. at 687. Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty. Xie, 62 Ohio St.3d at 524, quoting Hill v. Lockhart (1985), 474 U.S. 52, 59. `[T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.' State v. Doak, 7th Dist. Nos. 03CO15 and 03CO31, 2004-Ohio-1548, at ¶ 55, quoting State v. Whiteman, 11th Dist. No. 2001-P-0096, at ¶ 24." State v. Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, at ¶ 17.
 {¶ 25} Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."Strickland, 466 U.S. at 691. This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. Id. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id. There is a strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100. *Page 12 
 {¶ 26} In this case, defense counsel informed the trial court at the change of plea hearing:
 "I have spent — over the last several months, I have spent a lot of time with my client; specifically, this week. We spent in excess of an hour, Your Honor, explaining each and every count of this indictment.
 "My efforts to explain each and every count of this indictment to Mr. Liu, I've answered each and every one of his questions with the help of my interpreter."
 {¶ 27} Defense counsel then detailed his discussions with Liu, through the interpreter, for the trial court. Defense counsel asserted his satisfaction that Liu was fully aware of his constitutional rights and that he was waiving them knowingly, intelligently and voluntarily. The trial court inquired of Liu whether he was satisfied with defense counsel's representation. Liu asserted that he was satisfied with counsel's work and that he believed that counsel had represented him well.
 {¶ 28} Liu sets out nine alleged deficiencies in counsel's performance, including the failure to object to an illegal sentence; the failure to alert consular authorities so Liu could contact family members in China so he could afford private counsel and an investigator; the failure to employ a qualified interpreter; the failure to file a motion to suppress evidence; the failure to discover and explain to the trial court Liu's status as a political asylee; the failure to advise the trial court of the minor role Liu played in the commission of the offenses; the failure to preserve Liu's right to appeal his conviction and sentence; the failure to investigate the level of Liu's participation in the crimes; and the failure to present evidence of Liu's remorse and cooperation with authorities.
 {¶ 29} Based on the Ohio Supreme Court's holding in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and this Court's subsequent discussion of same in State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, and progeny, it is well established that trial court judges have complete discretion to impose sentences within the statutorily prescribed ranges. Liu's *Page 13 
sentence fell within the ranges prescribed by statute. Accordingly, Liu has not demonstrated ineffective assistance of counsel on the grounds that his sentence was unconstitutional.
 {¶ 30} Liu has presented no evidence beyond mere speculation that he would have secured the money necessary to hire private counsel and an investigator if counsel had alerted consular authorities regarding Liu's charges. He has not identified alternate counsel whom he would have hired or how such counsel would have managed his case. Furthermore, there is nothing in the record to indicate that counsel did not in fact notify the consular authorities. Accordingly, his assertion of ineffective assistance of counsel fails on this basis.
 {¶ 31} Liu has failed to demonstrate that the interpreter involved in this case was not competent. As discussed previously, there is nothing in the record to indicate that he had difficulty understanding the interpreter or that he was prejudiced in any manner. Accordingly, he has not demonstrated counsel's deficiency in this regard.
 {¶ 32} Defense counsel in fact filed a motion to suppress, as well as demands for discovery and a motion to compel. Although counsel later withdrew the motion to suppress, such a decision constitutes a tactical decision by counsel and cannot be used to establish an ineffective assistance claim. See, e.g., State v. Bradford, 9th Dist. No. 22441,2005-Ohio-5804, at ¶ 27; State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. Furthermore, there is no evidence to show that defense counsel failed to investigate the underlying circumstances in this case. Trial counsel's advice that Liu plead guilty, as well as the extent of the underlying circumstances conveyed to the trial court, also constituted tactical decisions by counsel. Accordingly, Liu has not demonstrated ineffective assistance of counsel in regard to the remaining allegations. *Page 14 
 {¶ 33} In conclusion, the record is not silent as to Liu's understanding of the nature of the charges, the potential maximum penalties or the constitutional rights he was waiving by pleading guilty. In the presence of counsel, he actively engaged, through an interpreter, in the discussion with the trial court. He requested clarification where necessary. He affirmed his satisfaction with trial counsel's representation. There is nothing to indicate that counsel's performance in this matter was deficient or a result of anything other than tactical decisions. Accordingly, Liu's assertion that his plea was not made voluntarily is not well taken and the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea on these grounds.
Propriety of the sentence {¶ 34} Liu argues that the trial court erred by denying his motion to withdraw his guilty plea because his sentence violated hisSixth Amendment right to a trial by jury. Specifically, he argues that the "facts used to enhance the defendant's sentence were not admitted by the defendant during his plea or found by a jury beyond a reasonable doubt."
 {¶ 35} In Foster, supra, the Ohio Supreme Court held that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See id.; Dudukovich at ¶ 19.
 {¶ 36} The U.S. Supreme Court took specific note that the exercise of this discretion, when not in the form of mandatory fact-finding, does not violate the Constitution.
 "If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular *Page 15 
sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges; it is that circumstance that makes the Court's answer to the second question presented possible. For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant" (Emphasis added and internal citations omitted.) U.S. v. Booker (2005), 543 U.S. 220, 233.
Accordingly, to the extent that the trial court may have relied upon certain facts which it found relevant, after Foster, Liu had no right to a jury determination of those facts. Therefore, the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea on this basis.
Rights under the Vienna Convention on Consular Relations {¶ 37} Finally, Liu argues that the trial court erred by denying his motion to withdraw his guilty plea because he was not advised at his arrest of his right to consular notification pursuant to Article 36 of the Vienna Convention on Consular Relations.
 {¶ 38} This Court has previously addressed this identical issue inGegia:
 "Relying on [State v.] Loza [(Oct. 13, 1997), 12th Dist. No. CA96-10-214], the Second District Appellate Court has previously explained: `[T]he only remedies for failure of consular notification under the Vienna Convention are diplomatic, political, or exist between states under international law.' [State v.] Lopez, [2d Dist. No. 99-CA-120,] 2003-Ohio-3974, at ¶ 9. Further, `[t]he rights contained in Article 36 [of the Vienna Convention] belong to the party states, not individuals.' State v. Gegia, 11th Dist. No. 2003-P-0026, 2004-Ohio-1441, at ¶ 26, quoting United States v. Emuegbunam (C.A.6, 2001), 268 F.3d 377, 392, certiorari denied (2002), 535 U.S. 977. Therefore, assuming that the trial court failed to comply with the Vienna Convention when it accepted appellant's pleas of guilty and sentenced him accordingly, this court finds that vacation of appellant's guilty pleas is not the proper remedy for such a violation. See Gegia, 2004-Ohio-1441, at ¶ 26." Gegia, 2004-Ohio-2124, at ¶ 36. *Page 16 
 {¶ 39} Because the Vienna Convention does not confer any individual rights upon Liu, the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea based on the alleged failure of law enforcement to provide consular notification on his behalf.
 {¶ 40} For the reasons enunciated above, the trial court did not abuse its discretion by denying Liu's motion to withdraw his guilty plea. His sole assignment of error is overruled.
 III. {¶ 41} Liu's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 17 
 MOORE, J. WHITMORE, J. CONCUR. *Page 1