[Cite as *State v. Razo*, 2016-Ohio-2763.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

     Appellee

     v.

RANULFO RAZO

     Appellant

C.A. No.     15CA010749

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    01CR058101
                 02CR059992

DECISION AND JOURNAL ENTRY

Dated: May 2, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Ranulfo Razo, appeals the judgment of the Lorain County Court of Common Pleas denying his Motion to Vacate Guilty Plea. We affirm.

I.

{¶2} Razo is a citizen of Mexico. In 2002, Razo pled guilty to two counts of rape in Case No. 01CR058101. The trial court sentenced Razo to an indefinite term of 11 to 25 years in prison.

{¶3} In 2003, Razo pled guilty to an additional 10 counts of rape in Case No. 02CR059992. The trial court sentenced Razo to an agreed aggregate term of 18 years in prison and ordered that sentence to be served consecutively with the sentence from the prior case. This Court affirmed Razo's convictions in Case No. 02CR059992 on appeal. *See State v. Razo*, 9th Dist. Lorain No. 03CA008263, 2004-Ohio-3405, ¶ 13. Thus, Razo will serve between 29 and 43 years in prison on both cases.

{¶4} Since 2003, Razo has repeatedly appealed his criminal convictions. In 2004, Razo filed a motion to withdraw his guilty pleas in Case No. 02CR059992. The trial court denied Razo's motion and this Court affirmed. *See State v. Razo*, 9th Dist. Lorain No. 05CA008639, 2005-Ohio-3793, ¶ 22. In 2008, Razo filed a motion for resentencing pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, along with another motion to withdraw his guilty pleas. The trial court then resentenced Razo to an aggregate term of 18 years of incarceration and informed Razo of his post-release control obligations. The trial court also denied Razo's successive motion to withdraw his guilty pleas. This Court affirmed the trial court's denial of Razo's successive motion to withdraw his guilty pleas. *See State v. Razo*, 9th Dist. Lorain No. 08CA009509, 2009-Ohio-3405, ¶ 17.

{¶5} On June 14, 2014, Razo filed a motion to vacate his guilty pleas in Case Nos. 01CR058101 and 02CR059992. In his motion, Razo argued that the trial court did not give the proper advisement pursuant to R.C. 2943.031(A) for a non-U.S. citizen upon entering his guilty pleas. The State responded in opposition to Razo's motion. On February 11, 2015, the trial court denied Razo's motion to vacate his guilty pleas.

{¶6} Razo filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred when it overruled Appellant's Motion to Vacate Guilty Plea without hearing, when at the time of [his] plea the court failed to provide the advisement pursuant to O.R.C. Section 2943.031(A) that [he] was subject to possible deportation, exclusion from the United States, or denial of naturalization[.]**

{¶7} In his sole assignment of error, Razo argues that the trial court erred by denying his motion to vacate his guilty pleas. Specifically, Razo contends that at the time that he entered

his guilty pleas, the trial court failed to provide the advisement pursuant to R.C. 2943.031(A) that his guilty pleas may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization.  We disagree.

{¶8}    We review a trial court's decision regarding a motion to withdraw a guilty plea on R.C. 2943.031(D) grounds under an abuse of discretion standard.  *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32.  "At the same time," however, "when a defendant's motion to withdraw is premised on R.C. 2943.031(D), the standards within that rule guide the trial court's exercise of discretion."  *Id.* at ¶ 33.  "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute," then "the trial court must exercise its discretion in determining whether the statutory conditions are met[.]"  *Id.* at ¶ 36.

{¶9}    R.C. 2943.031(A) states:

Except as provided in division (B) of this section, prior to accepting a plea of guilty * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.

R.C. 2943.031(D) states:

Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section [October 2, 1989], the court fails to provide the defendant the advisement

described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

**{¶10}** The Supreme Court of Ohio has held:

A trial court accepting a guilty or no contest plea from a defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

*Francis* at paragraph one of the syllabus. We have recognized that *Francis* creates a "substantial compliance requirement." *State v. Liu*, 9th Dist. Summit No. 24112, 2008-Ohio-6793, ¶ 9. The Court articulated this requirement as follows:

If some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A).

*Francis* at paragraph two of the syllabus. The Court also defined "substantial compliance" as reviewing whether "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made." *Id.* at ¶ 48, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). The Court emphasized, however, that "[t]his specific determination" is merely one of many factors for the trial court to consider when ruling on a motion to withdraw a guilty plea pursuant to R.C. 2943.031, *id.*, and also recognized that the timeliness of the motion is a critical factor, *id*. at ¶ 40.

{¶11} Here, we determine that the trial court did not err by denying Razo's motion to withdraw his guilty pleas. The trial court's judgment entry referenced the more than 12-year delay in Razo's filing his motion to withdraw his guilty pleas. Specifically, the trial court noted that because Razo waited so long to file his motion, the transcript of his 2002 plea hearing was no longer available, as those records were destroyed pursuant to the policies and procedures of the trial court's reporters. In his motion to withdraw his guilty pleas, Razo failed to explain why it took him over a decade to move to withdraw his guilty pleas in Case No. 01CR058101. In the absence of evidence by Razo demonstrating why a 12-year delay was reasonable in this matter, we determine that Razo's motion to withdraw his guilty pleas was untimely and that the trial court did not err by denying said motion. *See Liu* at ¶ 11 (concluding that the trial court did not abuse its discretion by denying defendant's motion to withdraw a plea where the defendant, without reason, waited five years before filing his motion.).

{¶12} Moreover, although the record of the 2002 plea hearing in Case No. 01CR058101 no longer exists, the trial court concluded that R.C. 2943.031(E)'s presumption[1] was not warranted. The trial court reached this conclusion after reviewing the transcript of the plea hearing in Case No. 02CR059992, which contained the following colloquy:

> Trial court: You are not a United States citizen. You are a citizen of Mexico, is that correct?
>
> Razo: Yes, Your Honor.
>
> Trial court: Do you understand that once you are released from the penitentiary, you could and probably will be deported and returned to Mexico? Do you understand?
>
> Razo: Yes.

---

[1] R.C. 2943.031(E) states that "[i]n the absence of a record that the court provided the advisement described in [R.C. 2943.031(A)] and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement."

Trial court: [Defense counsel], is there anything further that I should advise him?

Defense counsel: Your Honor, my understanding of the immigration law since, I believe, '96, is that for what they call an aggravated felony, which this would be, [deportation] is automatic.

Trial court: So you will be deported and returned to Mexico. Do you understand?

Razo: Yes.

Defense counsel: Right. If he were to return after being deported having committed a felony, it carries an automatic 10 years in prison.

Trial court: Do you understand?

Razo: Yes.

Trial court: Have you discussed this matter with your lawyer?

Razo: Yes.

Trial court: Do you understand the consequences of this plea today?

Razo: Yes.

Based upon this exchange, the trial court determined that Razo received an adequate R.C. 2943.031(A) advisement in Case No. 02CR059992 and, thus, Razo knew as of March 27, 2003 that he faced certain deportation from the United States following the conclusion of his prison sentences. With this knowledge at hand, the trial court found it significant that Razo still elected to plead guilty to ten counts of rape in Case No. 02CR059992 and proceeded to wait roughly 12 years before filing a motion to withdraw his guilty pleas from Case No. 01CR058101. Based upon this timeline of events, we cannot conclude that Razo would have entered different pleas in Case No. 01CR058101 but for the trial court's alleged failure to issue the R.C. 2943.031(A) advisement in that case. Accordingly, we determine that the trial court substantially complied

with the dictates of R.C. 2943.031(A) and that the trial court did not abuse its discretion by denying Razo's motion to withdraw his guilty pleas.

{¶13}   Razo's assignment of error is overruled.

### III.

{¶14}  Razo's sole assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
CANNON, J.
<u>CONCUR.</u>

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

<u>APPEARANCES:</u>

RICHARD DRUCKER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.