[Cite as *State v. Findley*, 2017-Ohio-7206.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 16AP0042 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN Q. FINDLEY | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2015 CRC-I 000228 |

DECISION AND JOURNAL ENTRY

Dated: August 14, 2017

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, John Q. Findley, appeals the judgment of the Wayne County Court of Common Pleas convicting him of rape and gross sexual imposition. For the reasons set forth below, we affirm.

I.

**{¶2}** At approximately 9:00 p.m. on January 7, 2015, S.D., age 12, ran away from her home in Shreve, Ohio, fearing that she was in "big trouble" for playing a video game in her bedroom at night. S.D.'s family searched for S.D., but they could not find her. After failing to locate S.D. within 30 minutes, S.D.'s father called the sheriff's office.

**{¶3}** S.D. testified at trial that she eventually began yelling for help after running away from home because "it was freezing outside." S.D. testified that she was then approached by a man in a vehicle who offered to take her home. S.D. testified that she got into the man's vehicle, at which time the man introduced himself as "Shawn." S.D. testified that "Shawn" then drove

back to his house, where they proceeded to a bedroom located in the basement. S.D. stated that they laid on the bed together, at which time "Shawn" put his arm around her and began kissing her "[o]n the lips, on the ears, on the neck." S.D. testified that "Shawn" then undressed her and then undressed himself. S.D. testified that "Shawn" then "stuck his penis in my vagina" and "stuck his tongue in my vagina too." S.D. noted that this encounter was "weird" and "awkward." Eventually, "Shawn" told S.D. that he was going to drive her home. S.D. said that Shawn instead dropped her off in front of an elementary school. At approximately 2:00 a.m., nearly five hours after S.D. ran away, S.D.'s father saw S.D. exiting from an unknown vehicle near the local elementary school. S.D. ran towards her father and immediately told him that a man known to her as "Shawn" had sexually assaulted her.

{¶4} S.D.'s father then took S.D. to the hospital and a rape kit was ultimately performed. A case worker at the Wayne County Children Services Board also interviewed S.D. S.D. then made a drawing of the bedroom in "Shawn's" basement. Additionally, S.D.'s neck and ears were swabbed and her clothing from the night in question was sealed. The Ohio Bureau of Criminal Investigation (BCI) took possession of this evidence and tested it. BCI's testing resulted in a "positive hit" for amylase, a component of saliva, which was taken from S.D.'s left and right ears, as well as the left side of her neck. This amylase matched a DNA sample that was taken from Findley.

{¶5} On May 26, 2015, the Wayne County Grand Jury indicted Findley on one count of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony, one count of criminal child enticement in violation of R.C. 2905.05(A)(1), a first-degree misdemeanor, and one count of criminal child enticement in violation of R.C. 2905.05(B), a first-degree misdemeanor. Findley

pleaded not guilty to all counts contained in the indictment and the matter ultimately proceeded to a bench trial.

{¶6}    At trial, 12 witnesses testified on behalf of the State.  At the close of the State's case-in-chief, Findley made a general Crim.R. 29 motion for judgment of acquittal, which the trial court summarily denied.  The defense then rested without calling any witnesses.  The trial court took the matter under advisement and ultimately found Findley guilty of rape in violation of R.C. 2907.02(A)(1)(b) and gross sexual imposition in violation of R.C. 2907.05(A)(4), but not guilty of criminal child enticement in violation of R.C. 2905.05(A)(1)[1] and criminal child enticement in violation of R.C. 2905.05(B).  Prior to sentencing, Findley filed motions for a new trial pursuant to Crim.R. 33(A)(3) and Crim.R. 33(A)(6), both of which the trial court denied. The trial court subsequently sentenced Findley according to law.

{¶7}    Findley filed this timely appeal and presents one assignment of error for our review.

II.

**Assignment of Error**

**Appellant's trial counsel rendered ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, 10 of the Ohio Constitution.**

{¶8}    In his sole assignment of error, Findley argues that his trial counsel was ineffective.  Specifically, Findley claims that his trial counsel's failure to obtain the underwear

---

[1] The trial court initially found Findley guilty of criminal child enticement in violation of R.C. 2905.05(A)(1), but later entered a not guilty verdict on that count after discovering that the Supreme Court of Ohio had previously found the statute to be unconstitutional.  *See State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, ¶ 19 ("R.C. 2905.05(A) does not survive constitutional scrutiny due to its overbreadth.").

that he wore on the night in question and introduce it as evidence at trial was prejudicial to his defense as this evidence was exculpatory in nature. We disagree.

{¶9} "'The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel.'" *State v. Liu*, 9th Dist. Summit No. 24112, 2008-Ohio-6793, ¶ 22, citing *State v. Banks*, 9th Dist. Lorain No. 01CA007958, 2002-Ohio-4858, ¶ 16. "On the issue of counsel's ineffectiveness, [Findley, as the Appellant,] has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, ¶ 62. To prove ineffective assistance of counsel, Findley must establish that (1) his trial counsel's performance was deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, an appellant must prove that "there exists a reasonable probability that, were it not for counsel's [deficient performance], the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. This Court need not address both prongs of *Strickland* if an appellant fails to prove either prong. *State v. Ray*, 9th Dist. Summit No. 22459, 2005–Ohio–4941, ¶ 10.

{¶10} Here, Findley argues that his trial counsel's failure to obtain the underwear that he wore on the night in question prejudiced his defense. Namely, Findley contends that forensic testing of his underwear would have refuted S.D.'s testimony that he vaginally penetrated her vagina and also would have explained why no bodily fluids were found in S.D.'s underwear. Findley claims that testing of his underwear would have corroborated his assertion that he never removed his underwear during his interaction with S.D.

{¶11} Within his post-trial Crim.R. 33(A)(3) motion, Findley stated that he informed his trial counsel ahead of trial of the existence of "physical evidence at my residence," including

"my underwear with the alleged victim's blood DNA on the outside near the waist." Also, within his Crim.R. 33(A)(6) motion, Findley informed the trial court that an acquaintance had "located, among my personal clothing, a pair of underwear I wore on January 7, 2015, the night in question in my case. The underwear contains a stain made by the blood DNA of the alleged victim in the case." However, "[t]his Court has held that trial counsel's decision to admit or withhold certain evidence is a tactical one and does not equate to a claim for ineffective assistance of counsel." *State v. Jones*, 9th Dist. Summit No. 24469, 2010-Ohio-879, ¶ 34, citing *State v. McCoy*, 9th Dist. Summit No. 20656, 2002 WL 121203, *3 (Jan. 30, 2002), citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980); *see also State v. Jackson*, 9th Dist. Summit Nos. 24463, 24501, 2009-Ohio-4336 ¶ 24, citing *Clayton* at 49 ("Debatable trial tactics do not give rise to a claim for ineffective assistance of counsel.").

{¶12} Therefore, Findley's assignment of error is overruled.

III.

{¶13} Findley's sole assignment of error is overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CALLAHAN. J.
CONCUR.

APPEARANCES:

MATTHEW J. MALONE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.