[Cite as *State v. Sheppard*, 2011-Ohio-3516.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.     10CA0041-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KELSEY L. SHEPPARD | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     09CR0517 |

DECISION AND JOURNAL ENTRY

Dated: July 18, 2011

BELFANCE, Presiding Judge.

{¶1} Appellant Kelsey L. Sheppard appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Ms. Sheppard pleaded no contest and was convicted on a single charge of theft from an elderly person, a third-degree felony. At the sentencing hearing, the trial court permitted the victim to address the court and defense counsel did not object. The victim, Ms. Lakowski, stated that Ms. Sheppard had lied and "told [Ms. Lakowski] that [Ms. Sheppard] had HIV with only six months to live and that her family had disowned her." Ms. Lakowski stated that while she and her family were spending money on Ms. Sheppard, Ms. Sheppard stole from her. She requested that Ms. Sheppard receive the maximum sentence, which was five years. R.C. 2929.14(A)(3).

**{¶3}** The trial court sentenced Ms. Sheppard to a one-year prison term. Ms. Sheppard appeals from that judgment, presenting two assignments of error.

II.

### ASSIGNMENT OF ERROR I
"Appellant, Kelsey L. Sheppard, was denied her Sixth Amendment right to effective assistance of counsel, to her prejudice."

**{¶4}** In her first assignment of error, Ms. Sheppard asserts that she was denied effective assistance of counsel during her sentencing. This Court disagrees.

**{¶5}** Courts apply a two-part test in determining whether a criminal defendant was denied effective counsel. A defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, at ¶62, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 694.

**{¶6}** Ms. Sheppard challenges her counsel's failure to request a continuance after the trial court allowed Ms. Lakowski, during the sentencing hearing, to make a statement at the sentencing hearing in which Ms. Lakowski allegedly articulated new material facts. R.C. 2930.14(A) requires the court to permit a victim statement before imposing sentence, but R.C. 2930.14(B) provides that "[i]f the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing * * * or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts." Ms. Sheppard argues that she was prejudiced by her counsel's failure to request an opportunity to respond to the new material facts articulated in Ms. Lakowski's statement.

{¶7} The trial court received and considered a presentence investigation report. This report has not been included in the record before us, and, therefore, we do not know what the contents of the report were. As we do not know what was in the report, we cannot determine whether the victim's statements constituted new material facts. Presentence investigations may include interviews with the victim. R.C. 2930.13(B) (if a probation officer prepares a presentence investigation report, the victim may make a written or oral statement and the probation officer shall use the statement in preparing the report). Accordingly, the statements made by the victim at Ms. Sheppard's sentencing hearing could well have been in the report and thus would not constitute new material facts. Thus, we cannot determine whether counsel was ineffective for not requesting a continuance.

{¶8} Further, Ms. Sheppard has not argued how she was prejudiced. See *Mundt* at ¶62, citing *Strickland*, 466 U.S. at 687-88, 694. She does not allege that the victim's statements were not true and she does not set forth any actions she would have taken had her counsel requested a continuance or sought the opportunity to respond to the allegedly new facts. We observe that any evidence supporting her argument that she was prejudiced would likely take the form of affidavits or other evidence that would be outside the record on appeal, making postconviction relief the more appropriate avenue for her to seek relief.

{¶9} Ms. Sheppard has failed to meet either prong of the ineffective assistance of counsel test. Her first assignment of error is overruled.

### ASSIGNMENT OF ERROR II
"The Trial Court erred to the prejudice of Appellant, Kelsey L. Sheppard when, after wrongfully considering new material facts provided for in the victim's statement at sentencing in violation of Ohio Revised Code section 2930.14(B), it imposed a one (1) year prison term rather than sentencing Ms. Sheppard to a period of probation and ordering restitution based on the absence of a prior criminal record and her mental issues identified in the pre-sentence investigation report."

{¶10} Ms. Sheppard asserts, in her second assignment of error, that the trial court imposed a sentence that was contrary to law and that the trial court abused its discretion in imposing a prison sentence of one year.

{¶11} This Court applies a two part test when reviewing sentencing. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶26. First, the Court must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." Id.

{¶12} Ms. Sheppard argues that her sentence is clearly and convincingly contrary to law because, at sentencing, the court considered new material facts introduced in Ms. Lakowski's statement, as prohibited by R.C. 2930.14(B). As discussed above, in the absence of the presentence investigation report, we cannot conclude that Ms. Lakowski's statement contained new material facts. Accordingly, we cannot conclude that the trial court failed to comply with R.C. 2930.14(B).

{¶13} Further, even if the trial court did not comply with R.C. 2930.14(B), Ms. Sheppard has not cited any authority supporting her argument that this would render her sentence clearly and convincingly contrary to law. See App.R. 16(A)(7). In *Kalish*, the Supreme Court determined that a sentence is not clearly and convincingly contrary to law when the sentence is within the permissible range, postrelease control is properly imposed, and the trial court considered purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12. Id. at ¶18. Beyond her unsupported argument concerning R.C. 2930.14, Ms. Sheppard does not argue that her sentence was clearly and convincingly contrary to law. Because her sentence is within

the statutory range for a third-degree felony, because the trial court properly imposed postrelease control, and because the trial court considered the principles of felony sentencing, we conclude that Ms. Sheppard's sentence is not clearly and convincingly contrary to law.

**{¶14}** Ms. Sheppard argues that the trial court abused its discretion in imposing a one-year prison term, citing facts contained, apparently, in the presentence investigation report. The transcript of the sentencing indicates that the trial court did consider the presentence investigation report prior to sentencing Ms. Sheppard. The report, however, was not included in the record before this Court. Because we are unable to review the report, we cannot conclude that the trial court abused its discretion in imposing the one-year sentence. *State v. Hultz*, 9th Dist. No. 07CA0043, 2008-Ohio-4153, at ¶13.

**{¶15}** Ms. Sheppard has not demonstrated that her one-year prison term was clearly and convincingly contrary to law or that the trial court abused its discretion. Accordingly, her second assignment of error is overruled.

## III.

**{¶16}** Ms. Sheppard's assignments of error are overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS

CARR, J.
CONCURS IN JUDGMENT ONLY


APPEARANCES:

ROBERT B. CAMPBELL, Attrorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.