[Cite as *State v. McCraney*, 2012-Ohio-3146.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26161 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| GARLAND MCCRANEY | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 05 1371 |

DECISION AND JOURNAL ENTRY

Dated: July 11, 2012

BELFANCE, Judge.

**{¶1}** Garland McCraney appeals his conviction for burglary. For the reasons set forth below, we affirm.

I.

**{¶2}** Mr. McCraney was indicted for second-degree felony burglary, disrupting public services, vandalism, and possessing criminal tools. During the final pretrial which occurred five days before Mr. McCraney's trial was scheduled to begin, Mr. McCraney's attorney sought to withdraw as counsel, citing a "breakdown in communication[.]" The trial court engaged in a lengthy discussion with Mr. McCraney on the matter, and Mr. McCraney told the trial court that he did not believe that his counsel had his best interests at heart.

**{¶3}** The trial court told Mr. McCraney that he could proceed to trial with his current counsel or he could represent himself. It also cautioned him that, before making a decision, he should speak to his counsel and, "[i]nstead of just arguing, listen to what [his] attorney is

saying." After a short break in the proceedings, plea negotiations resumed. Mr. McCraney pleaded guilty to a reduced charge of burglary, a felony of the third degree, the State agreed not to oppose judicial release if Mr. McCraney sought substance abuse treatment in prison, and the remaining charges were dismissed. Six weeks after entering his plea, Mr. McCraney was sentenced to three years in prison.

{¶4} Mr. McCraney has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED IN COMPLIANCE WITH CRIMINAL RULE 11(C)(2)(A), 11(C)(2)(B), AND 11(C)(2)(C).

{¶5} Mr. McCraney, in his stated assignment of error, mounts a challenge to the trial court's compliance with Crim.R. 11(C) and the knowing and voluntary nature of his plea. However, in his merit brief, he states that "[t]his appeal raises the issue of a defendant's Sixth Amendment right to counsel." However, the record indicates that he had counsel, and he does not argue that his counsel was ineffective. Instead, he argues that, because the trial court refused to appoint substitute counsel five days before trial, his plea was not voluntary because his other options were to go to trial without representation or with an attorney whom he did not trust.

{¶6} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." (Internal quotations and citations omitted.) *State v. Barker*, 129 Ohio St.3d 472, 2011–Ohio–4130, ¶ 9. "Crim.R. 11 was adopted in 1973 to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty or no contest." *Id*.

{¶7} Although his assignment of error is framed in terms of the trial court's noncompliance with Crim.R. 11, in his merit brief, Mr. McCraney does not argue that the trial court failed to comply with any specific portion of Crim.R. 11, and he has not pointed to anything in the record that suggests that the trial court did not comply with Crim.R. 11. Nor is there anything in the record that he points to that would suggest that his plea was not voluntary because the trial court did not permit his counsel to withdraw. Instead, he suggests that, had the trial court asked him whether he was satisfied with counsel, "a clear demarcation * * * would have been made part of the record." In essence, Mr. McCraney concedes that he cannot point to anything in the record that suggests that his plea was not knowingly, intelligently and voluntarily made. In particular, there is nothing in the record suggesting that he entered his plea because he was faced with the prospect of going to trial with his current counsel. Based upon the colloquy with the court, it also appears that the judge believed that any breakdown in communication was the fault of Mr. McCraney and that Mr. McCraney's counsel was making the best of a difficult situation and attempting to communicate under circumstances where Mr. McCraney was not willing to consider what his lawyer had to say.

{¶8} The record reflects that, after the trial court suggested that Mr. McCraney should take some time to listen to what his counsel had to say, additional plea negotiations took place. Ultimately, Mr. McCraney agreed to a plea bargain which reduced the second-degree burglary felony to a third-degree felony. In addition, the State agreed to potential judicial release from prison, and the remaining felony charges were dismissed. Mr. McCraney has not separately assigned as error that his attorney was ineffective in his representation, and any argument he might raise in that regard would be founded upon matters outside of the record and are not appropriately raised in a direct appeal. *See State v. Brown*, 9th Dist. No. 25287, 2011-Ohio-

1041, ¶ 18 (declining to address underdeveloped argument not separately assigned as error); *State v. Sheppard*, 9th Dist. No. 10CA0041-M, 2011-Ohio-3516, ¶ 8 (Postconviction relief is the more appropriate avenue to raise ineffective assistance claims based on evidence outside the appellate record.).

{¶9} Furthermore, to the extent that Mr. McCraney suggests that the trial court was required to ask him whether he was satisfied with his counsel's representation, he has failed to provide any supporting authority. *See* App.R. 16(A)(7). While trial courts may make that inquiry of defendants, it is not required by Crim.R. 11, and the absence of such an inquiry does not render the plea invalid. *See State v. Cannon*, 8th Dist. No. 67952, 1995 WL 643717, *2 (Nov. 2, 1995).

{¶10} Accordingly, his assignment of error is overruled.

## III.

{¶11} Mr. McCraney's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

CHRISTOPHER M. VANDEVERE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.