[Cite as *State v. Jackson*, 2013-Ohio-783.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 26509 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYMOND DESHAWN JACKSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 00 12 2877 |

DECISION AND JOURNAL ENTRY

Dated: March 6, 2013

---

BELFANCE, Judge.

{¶1}   Defendant-Appellant Raymond Deshawn Jackson appeals from the Summit County Court of Common Pleas' denial of his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

I.

{¶2}   In 2001, Mr. Jackson pleaded guilty to one count of murder and was sentenced to fifteen years to life in prison. Mr. Jackson did not file a direct appeal. In May 2012, Mr. Jackson filed a motion pursuant to Crim.R. 32.1 to withdraw his guilty plea asserting that he was not informed at the time of his plea that by pleading guilty he was waiving his right to a jury trial and his right to have the State prove his guilty beyond a reasonable doubt. Mr. Jackson attached a single, unauthenticated page of transcript to his motion. The State opposed the motion and the trial court subsequently denied Mr. Jackson's motion. Mr. Jackson has appealed, raising two assignments of error for our review which will be addressed together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING.

ASSIGNMENT OF ERROR II

THE GUILTY PLEA IN THIS CASE IS CONSTITUTIONALLY INFIRM AND INVALID WHERE APPELLANT WAS NEVER ADVISED OF THE REQUIREMENT FOR THE STATE TO PROVE GUILT BEYOND A REASONABLE DOUBT TO A JURY.

{¶3} Mr. Jackson asserts in his two assignments of error that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. We do not agree.

{¶4} "The decision whether to allow a defendant to withdraw a guilty plea lies within the discretion of the trial court." *State v. Brown,* 9th Dist. No. 24831, 2010-Ohio-2328, ¶ 8. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "In a post-sentence motion, the burden of establishing the existence of a manifest injustice is upon the individual seeking to withdraw the plea." (Internal quotations and citations omitted.) *Brown* at ¶ 9. "Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." (Internal quotations and citations omitted.) *Id.*

{¶5} Initially, we note that over a decade passed between Mr. Jackson's plea and the filing of his motion to withdraw his plea. It is well established that "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating

against the granting of the motion." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph three of the syllabus.

{¶6}    Mr. Jackson asserted that he was entitled to withdraw his plea because the trial court failed to inform him that, by pleading guilty, he was waiving his right to a jury trial and his right to have the State prove his guilt beyond a reasonable doubt.  *See* Crim.R. 11(C)(2)(c). However, Mr. Jackson only attached a single page of an unauthenticated transcript to his motion. This Court has held that "[a]n incomplete, uncertified transcript is insufficient to demonstrate manifest injustice." *Brown,* 2010-Ohio-2328, ¶ 12.  Further, when a defendant fails to submit sufficient evidentiary materials in support of his post-sentence motion, the trial court need not even schedule a hearing.  *State v. McKinney,* 9th Dist. No. 06CA0031-M, 2006-Ohio-5364, ¶ 12. At the point in time that the trial court ruled on Mr. Jackson's motion, Mr. Jackson had not submitted sufficient evidentiary materials to demonstrate a manifest injustice.  Accordingly, we cannot say that the trial court abused its discretion in denying Mr. Jackson's motion without a hearing.  Mr. Jackson's assignments of error are overruled.

III.

{¶7}    In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT


MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

RAYMOND D. JACKSON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.