[Cite as *State v. Leyda*, 2013-Ohio-2495.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

    v.

DONNELL K. LEYDA

    Appellant

C.A. No.     12CA0030

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    CRB-11-12-01711

DECISION AND JOURNAL ENTRY

Dated: June 17, 2013

HENSAL, Judge.

{¶1}    Donnell Leyda appeals a judgment of the Wayne County Municipal Court finding him guilty of domestic violence. This Court affirms.

I.

{¶2}    According to Mr. Leyda's wife, in November 2011, Mr. Leyda and she were in the process of getting divorced and had moved into separate parts of their house. One day she noticed Mr. Leyda installing video cameras at the house, including one on the inside of the house that would overlook a hallway that they shared. Wife did not want Mr. Leyda recording her activities in the house, so the next day when Mr. Leyda was away, she took down the interior camera. When Mr. Leyda returned home and realized what she had done, he got upset and called the sheriff's department. The deputy who responded explained to him, however, that it was not illegal for Wife to remove the camera.

**{¶3}** Wife testified that, after the deputy left, Mr. Leyda began verbally harassing her. She retreated to her part of the house, where she stayed until she thought he had gone to bed. After she thought he was asleep, she went outside to smoke a cigarette. Mr. Leyda woke up, however, came outside, and an argument between the two ensued.

**{¶4}** According to Wife, when she went back inside, Mr. Leyda followed her. He got in her face and began pushing her with his chest. He backed her into the laundry room and ended up pinning her against the washing machine. She turned around and tried to get her cellphone out of her sweatshirt pocket, but he began reaching around her on both sides, trying to prevent her from using it. In the process, he grabbed and pulled on her arms. Because she had recently had surgery on one of her arms, the pulling caused her immense pain. She was eventually able to push the redial button on her phone, which called her sister. Wife testified that, when Mr. Leyda heard her sister's voice, he backed off. After he went upstairs, she hung up on her sister and called 911.

**{¶5}** Deputy Steve Saurer testified that, when he got to the house, he noticed that Wife had several marks and bruises on her wrists. Deputy Teresa Saurer saw redness on her arm and scrapes by her pinkie finger and on her upper arm. The deputies, therefore, arrested Mr. Leyda for domestic violence. Following a bench trial, the municipal court found him guilty of the offense and sentenced him to community control. Mr. Leyda has appealed, assigning three errors.

## II.

## ASSIGNMENT OF ERROR I

MR. LEYDA'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE
AND REPRESENTATION.

{¶6} Mr. Leyda argues that his trial counsel was ineffective. In order to prove a claim of ineffective assistance of counsel, Mr. Leyda must demonstrate that his counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A "deficient performance" is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. To establish prejudice, a defendant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of the syllabus. This Court need not address both the deficiency and the prejudice prongs of *Strickland* if an appellant fails to prove either one. *State v. Ray*, 9th Dist. No. 22459, 2005-Ohio-4941, ¶ 10.

{¶7} Mr. Leyda argues that his lawyer failed to "expose and disclose all historical and physical evidence of prior and recent criminal acts" that Wife perpetrated against him. According to Mr. Leyda, when they started having marital problems, Wife temporarily moved out of their house. He alleges that, while he was away from the house one day, she entered it and took many of his personal belongings. He also alleges that she vandalized the house, illegally transferred money out of his bank account, and several times attempted to run over his son with her car.

{¶8} Mr. Leyda's argument fails because he has not established that there is a reasonable probability that the outcome of his trial would have been different if the evidence of Wife's prior bad acts had been allowed. Even if defense counsel had been able to establish that Wife stole Mr. Leyda's possessions and assaulted his son, those actions do not suggest that she

was not telling the truth when she said that Mr. Leyda cornered her in the laundry room and pulled her arms. *See State v. Vinson*, 9th Dist. No. 23949, 2008-Ohio-2523, ¶ 17 (explaining that victim's convictions for domestic violence, resisting arrest, and disorderly conduct did not go to her character for truthfulness or untruthfulness).

{¶9} Mr. Leyda also argues that his lawyer failed "to impeach the State's main witness with highly probative evidence of habit." We will presume that Wife is the "main" witness to which Mr. Leyda is referring. We note, however, that there is nothing in the record that identifies her habits. Accordingly, we are unable to determine whether Mr. Leyda's lawyer should have presented any evidence of Wife's habits at trial. *See* App.R. 12(A)(2); 16(A)(7).

{¶10} Mr. Leyda next argues that his lawyer failed "to secure all critical witnesses to prior criminal acts against Mr. Leyda by [Wife]." As we noted earlier, however, evidence of Wife's alleged prior bad acts would not have signified that she was not being truthful about Mr. Leyda's alleged attack. Mr. Leyda's argument, therefore, does not establish that his lawyer was ineffective for failing to call additional witnesses.

{¶11} Mr. Leyda also argues that his lawyer should have asked him about communications he had with a victim's assistance program and with the court system after Wife stole his personal property. He also argues that his lawyer should have cross-examined Wife on these topics. Unfortunately, Mr. Leyda did not explain in his brief or at oral argument what information his lawyer's questions would have elicited had the lawyer asked Wife about those topics. Accordingly, he has not established that his lawyer could have elicited any information that would have been relevant in his prosecution for domestic violence. We, therefore, cannot say that his lawyer's performance was deficient or that he was prejudiced by his lawyer's failure to ask additional questions.

{¶12} Mr. Leyda further argues that his lawyer should have obtained data from Wife's cell phone. He has not identified, however, what data his lawyer should have sought or indicated why it is reasonably probable that the information would have changed the outcome of his trial.

{¶13} Upon review of the entire record, we conclude that Mr. Leyda has not demonstrated that his trial counsel was ineffective or that he was prejudiced by his lawyer's performance. His first assignment of error is overruled.

ASSIGNMENT OF ERROR II

MR. LEYDA RESPECTFULLY SUBMITS HE WAS DENIED A FAIR AND IMPARTIAL TRIAL DUE TO JUDICIAL MISCONDUCT.

{¶14} Mr. Leyda argues that the municipal court judge who presided over his case was not fair and impartial. In particular, he argues that the judge displayed disinterest when she viewed a surveillance video, at one point allegedly throwing down a pen as a sign of displeasure. He also alleges that the judge made inappropriate remarks about the length of the trial.

{¶15} We have reviewed the trial transcript and have not identified anything that suggests that the trial judge became impatient while viewing the surveillance video played by Mr. Leyda. Before viewing the video, the judge asked Mr. Leyda's lawyer whether it was the same video that the State had played earlier in the trial. After consulting with Mr. Leyda's lawyer and learning that the video was only two to three minutes long, the judge remarked: "Okay. I think I should see it." As the video played, Mr. Leyda's lawyer asked Mr. Leyda questions about what they were viewing. At no point did the trial judge make any comments about the video or preclude Mr. Leyda's counsel from displaying or eliciting testimony regarding the video.

{¶16} Mr. Leyda also argues that the trial court improperly told his lawyer to "tie it up and quickly. This seems pretty far afield to me, sir" after the prosecutor objected to a question

that his lawyer had asked on cross-examination of Wife. At the time of the judge's remark, Mr. Leyda's lawyer was in the process of asking Wife about events that had occurred in September 2011, three months before the incident that resulted in the domestic violence charge. Specifically, the lawyer was asking Wife whether she had removed any of Mr. Leyda's personal property from their house. Despite her answer and the State's objection, the judge allowed Mr. Leyda's lawyer to continue questioning Mrs. Leyda about events that transpired between September 2011 and December 2011. Accordingly, the record does not reflect any preferential treatment by the trial judge.

{¶17} Mr. Leyda further argues that the judge, at one point, improperly commented that the case had "gone on extraordinarily long." The judge, however, was merely explaining that, in light of the length of the trial, she needed to take a brief recess so she could address an issue in another case. We also note that the judge made the comment during the prosecution's case so her remark, if anything, could be argued a criticism of the State, not Mr. Leyda.

{¶18} Upon review of the record, we conclude that the trial judge's statements did not deprive Mr. Leyda of a fair trial. His second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

MR. LEYDA WAS DENIED A FAIR AND IMPARTIAL TRIAL BECAUSE THE VERDICT WAS BASED FULLY UPON VERBAL TESTIMONY AND NO PHYSICAL EVIDENCE WAS PRESENTED TO CORROBORATE THE CHARGE.

{¶19} The argument that Mr. Leyda makes in support of his third assignment of error is that his counsel's ineffectiveness deprived him of his right to a fair trial. At oral argument, Mr. Leyda explained that he believes that his lawyer was ineffective because he did not seek to admit several photographs that a deputy took of Wife following the alleged attack. According to Mr.

Leyda, the photographs would have demonstrated that Wife did not have the injuries she claimed she had at trial.

{¶20} Upon review of the record, we conclude that Mr. Leyda has not demonstrated that it is reasonably probable that, if his lawyer had submitted the photographs, they would have changed the outcome of his trial. *Bradley*, 42 Ohio St.3d 136, at paragraph three of the syllabus. At trial, Mr. Leyda's lawyer got Deputy Steve Saurer and Deputy Teresa Saurer to concede that there was no bruising visible in the photographs. The deputies admitted that the flash from the camera had "washed out" the pictures, making it impossible to see the redness they had observed on wife's arms. According to Deputy Steve Saurer, although no injuries could be seen in the photographs, Wife "did have several marks or small bruises on her wrists." According to Deputy Teresa Saurer, despite what the pictures might suggest, there was "redness" on Wife's arms as well as a scrape by her pinkie and a scrape by her elbow.

{¶21} As part of its explanation for why it found Mr. Leyda guilty of the offense, the trial judge noted that "[t]wo separate deputies testified to the physical harm they saw that night." Accordingly, we note that, even though the court viewed the photographs of Wife's arms at trial, it deemed the deputies' explanation for why her injuries were not visible in the photos credible. Consequently, it is not reasonably probable that the mere fact that Mr. Leyda's lawyer did not move to admit the photographs changed the outcome of the trial. *Id.*

{¶22} Mr. Leyda also argues that his trial was not fair because, even though Wife told Deputy Teresa Saurer that she would contact the deputy a few days after the incident so that the deputy could take photographs of any additional bruises that developed, no additional photographs were ever taken. There is nothing in the record, however, that supports Mr. Leyda's

allegation. Accordingly, Mr. Leyda has not established that his lawyer was ineffective for not inquiring as to why no additional pictures were taken.

{¶23} Because Mr. Leyda's counsel's performance was not deficient or prejudicial, we conclude that Mr. Leyda was not deprived of his right to a fair trial because of ineffective assistance of counsel. To the extent that Mr. Leyda's assignment of error could be construed as an argument that his conviction is against the manifest weight of the evidence, he has failed to develop that argument in his brief. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). Mr. Leyda's third assignment of error is overruled.

III.

{¶24} Mr. Leyda has not established that his trial lawyer was ineffective or that he was denied the right to a fair trial. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
<u>CONCURS.</u>

BELFANCE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶25} I concur in the majority's resolution of Mr. Leyda's second assignment of error. However, I write separately because I would simply overrule Mr. Leyda's first assignment of error on the basis that his arguments rely on evidence outside the record. *See State v. McCraney*, 9th Dist. No. 26161, 2012-Ohio-3146, ¶ 8.[1] Thus, I would overrule his first assignment of error on that basis. *See id.* at ¶ 8.

{¶26} With regard to Mr. Leyda's third assignment of error, he reasserts that he received ineffective assistance of counsel. This argument is outside the scope of his assigned error,[2] and, regardless, he again relies on evidence outside the record on appeal. *See id.* To the extent Mr. Leyda is arguing that he should not have been convicted absent physical evidence, it appears that he is asserting a manifest weight of the evidence argument, but he does not develop it. *See*

---

[1] Generally, where the evidence supporting the defendant's argument of prejudice would likely take the form of affidavits or other evidence that would be outside the record on appeal, postconviction relief is the more appropriate avenue to seek relief. *State v. Sheppard*, 9th Dist. No. 10CA0041-M, 2011-Ohio-3516, ¶ 8. Unfortunately, because Mr. Leyda was convicted in municipal court, postconviction relief is unavailable to him. *State v. Cowan*, 101 Ohio St.3d 372, 2004-Ohio-1583, syllabus ("A municipal court is without jurisdiction to review a petition for post-conviction relief filed pursuant to R.C. 2953.21.").

[2] His third assignment of error is "Mr. Leyda was denied a fair and impartial trial because the verdict was based fully upon verbal testimony and no physical evidence was presented to corroborate the charge."

App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). Accordingly, I would overrule his third assignment of error, and, thus, I concur in the judgment.

APPEARANCES:

DONNELL K. LEYDA, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.