[Cite as *State v. Malone*, 2013-Ohio-2605.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 12CA010153 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC B. MALONE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 09CR078640 |

DECISION AND JOURNAL ENTRY

Dated: June 24, 2013

HENSAL, Judge.

{¶1} Defendant-Appellant, Eric Malone, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On August 20, 2009, Eric Malone was indicted by the Lorain County Grand Jury on: (1) one count of aggravated burglary, a first degree felony, (2) gross sexual imposition, a third degree felony, and (3) assault, a first degree misdemeanor. At his arraignment, Malone entered a plea of not guilty to the charges. While the case was pending, he was indicted in case number 79566 on an unrelated robbery charge with a repeat violent offender specification. In the case subject to this appeal, the state amended the indictment dropping the gross sexual imposition charge. On February 17, 2010, Malone pled guilty to the remaining charges of aggravated burglary and assault. At the same hearing, he also pled guilty to the indictment in case number 79566.

{¶3}    One sentencing hearing was held in both cases on June 11, 2010.  The court sentenced Malone to four years in prison on the aggravated burglary charge and four months in prison on the assault charge.  These sentences were to run concurrently, but consecutively and prior to his sentence of four years' incarceration in case number 79566.  The court indicated that it was structuring the sentence in this manner so as to increase Malone's chance for early judicial release from prison.

{¶4}    Malone filed a pro se motion to withdraw his guilty plea on December 27, 2011.  The trial court denied his motion without a hearing.  He filed a timely appeal of the trial court's decision, and raises two assignments of error for our review.  For ease of analysis, this Court combines Malone's assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN OVERRULING MR. MALONE'S MOTION
TO WITHDRAW HIS GUILTY PLEA.

### ASSIGNMENT OF ERROR II

MR. MALONE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
WHEN DEFENSE COUNSEL FAILED TO PROPERLY INFORM HIM OF
THE STRENGTH OF THE STATE'S CASE AND TO CONDUCT A PROPER
PRETRIAL INVESTIGATION.

{¶5}    Malone argues that the trial court erred when it denied his motion to withdraw his guilty plea as he did not receive the effective assistance of trial counsel and that his guilty plea was not entered into knowingly, intelligently and voluntarily.  This Court disagrees.

{¶6}    Malone's motion was filed pursuant to Criminal Rule 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of

conviction and permit the defendant to withdraw his or her plea." "Manifest injustice" is a "clear or openly unjust act" that is a "miscarriage of justice or is inconsistent with the demands of due process." *State v. Ford*, 9th Dist. No. 26260, 2012-Ohio-4028, ¶ 5, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St. 3d 203, 208 (1998). It is within the trial court's sound discretion whether to grant a motion to withdraw a plea. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Frances*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶7} In order to prove a claim of ineffective assistance of counsel, Malone must demonstrate that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A "deficient performance" is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136, (1989) paragraph two of the syllabus. To establish prejudice, a defendant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id*. at paragraph three of the syllabus. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶8}  "Plea bargains involve complex negotiations suffused with uncertainty, and defense counsel must make strategic choices in balancing opportunities * * * and risks * * *." *Premo v. Moore*, ___ U.S. ___, 131 S.Ct. 733, 736 (2011).  The United States Supreme Court has cautioned that a "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage."  *Id*. at 741.

{¶9}  At the plea hearing, the trial court judge stated that:

> [i]nitially, I had discussed with counsel there's -- I think the State's position was they thought that their case was very strong in Case No. 79566, but there were some issues about Case No. 78640; in particular, as to whether they're going to be able to establish either the Felony 1 [aggravated burglary] or the GSI.

Malone alleged in his motion that this statement from the judge was the first time he heard about the prosecution's potentially weak case against him and that his counsel misrepresented to him the strength of the prosecution's case when she advised him to plead guilty.  Malone does not set forth trial counsel's specific "misrepresentations."

{¶10}  There is no evidence in the record that counsel failed to either evaluate the strength or weakness of the prosecution's case or to relay the information counsel did have to Malone.  As such, the trial court was given no evidence upon which it could find that counsel's performance was deficient.  Counsel negotiated for the resolution of two pending cases that involved three felony charges and one first degree misdemeanor charge that had a maximum combined potential prison sentence of eighteen years.  These negotiations resulted in the prosecution's agreement to dismiss the second degree felony charge and a reduced sentence in exchange for Malone's guilty plea in both cases.  Given the "highly deferential" scrutiny this Court must give counsel's judgment as dictated by *Strickland*,  especially at the plea bargain stage, the trial court did not err in denying Malone's motion as he failed to provide the court with

evidence that counsel fell below an objective standard of reasonableness in her representation during the negotiated plea deal. *Strickland* at 689.

{¶11}  Malone further argues that if his counsel had requested a copy of the preliminary hearing transcript, it would have revealed the prosecution's allegedly weak evidence on the gross sexual imposition and aggravated burglary charges.  According to Malone, counsel should have then filed a motion to dismiss on the basis of contradictory statements made at the preliminary hearing.  From the record, it appears that both Malone and his counsel were present at the preliminary hearing.  Counsel would have then been aware of any potential evidentiary weaknesses without the necessity of a transcript.  Malone has therefore, failed to set forth any evidence that counsel's performance was deficient for allegedly failing to obtain the transcript.

{¶12}  Furthermore, Malone did not present any evidence in support of his claim that he would have proceeded to trial but for counsel's evaluation of the case.  He attached only a copy of the bill of particulars to his motion to withdraw his guilty plea.  Since Malone has failed to proffer any evidence in support of his assertion that he was prejudiced as a result of his counsel's alleged deficient performance, his claim of ineffective assistance of counsel must fail.  *Bradley*, 42 Ohio St.3d 136, at paragraph three of the syllabus.

{¶13}  Malone has not submitted sufficient evidence to satisfy the elements of deficient performance and prejudice required to succeed on his claim of ineffective assistance of counsel.  Accordingly, the trial court did not abuse its discretion in denying his motion to withdraw his plea as Malone did not demonstrate manifest injustice.

{¶14}  Malone also attacks the validity of his guilty plea by arguing that it was not entered knowingly, intelligently and voluntarily due to counsel's alleged misrepresentations regarding the strength of the prosecution's case.  He relies upon the same arguments made in his

first assignment of error, which this Court has overruled. Given the lack of evidence in the record as noted above, this Court finds no merit to his assertion.

{¶15} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Pursuant to Criminal Rule 11, the trial court must engage the defendant in a colloquy prior to accepting a guilty plea to ensure that he is fully informed of the consequences of the plea and that it is made knowingly, intelligently and voluntarily. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶¶ 25-26.

{¶16} A review of the record indicates the trial court engaged Malone in the plea colloquy required by Criminal Rule 11 and found that he made a knowing, intelligent and voluntary waiver of his constitutional rights. At no time during the plea hearing did Malone indicate to the court that he did not wish to enter a guilty plea or express any concern about the fact he allegedly just learned the prosecution may have had difficulty proving some of the charges against him.

{¶17} Moreover, Malone's sentencing hearing occurred almost four months after the hearing wherein Malone alleged he was led to believe the prosecution could not have proven at least one of the charges to which he pled. Malone failed to set forth any evidence that he discussed the issue of this allegedly new knowledge with his trial counsel during the four months between the plea and sentencing hearings. Malone also does not claim that his trial counsel was somehow deficient for not modifying her original advice to change his pleas. Despite having the opportunity to speak at his sentencing, he did not seek to withdraw his guilty plea; although, he

did ask the court for drug treatment. Based upon a review of the record, this Court finds that the trial court did not err in finding that Malone's plea was made knowingly, intelligently and voluntarily. Likewise, the Court did not abuse its discretion by denying his motion to withdraw his guilty plea.

{¶18} Malone also argues that the trial court should have held a hearing on his motion to withdraw his plea. There is no requirement to hold a hearing on a motion to withdraw a plea if the "defendant fails to submit sufficient evidentiary materials in support of his post-sentence motion * * *." *State v. Jackson*, 9th Dist. No. 26509, 2013-Ohio-783, ¶ 6. Malone did not submit any evidence to substantiate his claim that manifest injustice occurred; he only attached a copy of the bill of particulars. Based upon the insufficient evidence attached to his motion, the trial court did not abuse its discretion by ruling on the motion without a hearing.

{¶19} To the extent that Malone's second assignment of error attempts to raise a claim of ineffective assistance of counsel that is separate and distinct from his motion to withdraw, this Court notes such a claim is more appropriately raised in a petition for post-conviction relief as any evidence in support of such a claim would require evidence outside of the record. *State v. Sheppard*, 9th Dist. No. 10CA0041-M, 2011-Ohio-3516, ¶ 8 (Post-conviction relief is the more appropriate avenue to raise an ineffective assistance of counsel claim when the evidence supporting the claim would likely take the form of affidavits or other evidence outside the record on appeal.). A post-conviction relief petition, however, would be untimely in this case as it would exceed the statutory time limit for filing of 180 days after the expiration of the time for filing a direct appeal unless Malone could establish that his motion fell under one of the exceptions to the time limit. R.C. 2953.21(A)(2) and 2953.23.

{¶20} Malone's first and second assignments of error are overruled.

III.

**{¶21}** Malone's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CONCURS.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶22} I agree with the majority's conclusion that the trial court's judgment should be affirmed. I write separately because I would affirm solely on the basis of res judicata as the issues Malone now raises could have been raised by way of direct appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

<u>APPEARANCES:</u>

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.